UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| LORRAINE J. LANE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ENHANCED RECOVERY COMPANY LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 3:18-cv-00001-J-25JBT<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

1. Plaintiff Lorraine J. Lane ("Lane" or "Plaintiff") brings this Class Action Complaint against Defendant Enhanced Recovery Company ("ERC" or "Defendant") to stop its practice of placing calls using an "automatic telephone dialing system" ("ATDS") to the cellular telephones of consumers nationwide without their prior express consent and to obtain redress for all persons injured by its conduct. Plaintiff Lane for her Class Action Complaint alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. The Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA" or the "Act") was enacted to protect consumers from unauthorized calls like those alleged in this Complaint – autodialed calls placed to cellular telephone numbers without consumers' prior express consent.

3. Defendant's violations of the Act have caused Plaintiff and the members of the Class (defined below) to experience actual harm, including the aggravation,

nuisance, and invasion of privacy that necessarily accompanies the receipt of autodialed calls, in addition to the loss of functionality, diminution in available data and battery life, and the ability to use and enjoy their cellular telephones.

4. In response to Defendant's unlawful conduct, Plaintiff files the instant lawsuit, seeking: (1) an injunction requiring Defendant to cease placing autodialed calls to cellular telephones without the express consent of the recipients; and (2) an award of statutory damages to the members of the putative Class under the TCPA to be paid into a common fund for the benefit of the Class Members, together with costs and reasonable attorneys' fees.

## PARTIES

5. Plaintiff Lane is a natural person and resident of the State of Arizona residing in the City of Fort Mohave.

6. Defendant Enhanced Recovery Company's primary corporate headquarters is located at 8014 Bayberry Road, Jacksonville, Florida 32256. ERC does business throughout the United States, including in the State of Florida and this District.

## JURISDICTION & VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, a federal statute.

8. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant regularly conducts business in the State of Florida and in this District, and a substantial part of the events giving rise to the claims asserted here occurred in or emanated from this District. Venue is additionally proper in this District

because Defendant is a resident of this District.

## COMMON ALLEGATIONS OF FACT

9.  The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* and its implementing regulations, 47 C.F.R. §64.1200, *et seq.* prohibit companies, such as ERC, from placing calls using an ATDS and/or using an artificial or prerecorded voice when making calls to cellular telephones without first obtaining express consent.

10. ERC is a debt collector that uses autodialer technology to collect debts.[1] ERC regularly calls consumers using an autodialer without their express consent in violation of the TCPA.

11. In fact, a former employee of Defendant noted that "[consumer] complaints are due to harassment via dialer."[2]

12. The following sample of consumer complaints are proof of ERC's practice of placing autodialed calls to non-consenting cellular telephone owners:

- this number calls me every second day or so, i have stopped picking it up as there is no person answering;[3]

- Different people from ERCollection call me through out the day for the last three weeks and will never tell me what they're calling about. When I ask they refuse to tell me except that it is personal and need an address.[4]

---

[1] As of May 2013, a position existed at ERC referred to as "Dialer Support Manager." *See* https://www.linkedin.com/in/richard-price-9aa54410/.

[2] *See* https://www.glassdoor.com/Reviews/ERC-dialer-Reviews-EI_IE406406.0,3_KH4,10.htm

[3] *See* http://800notes.com/Phone.aspx/1-800-875-5143/5.

[4] *See* https://www.bbb.org/north-east-florida/business-reviews/collections-agencies/enhanced-recovery-company-llc-in-jacksonville-fl-16000495/reviews-and-complaints

- Asked for a specific person and told me the call was being recorded. I told them they had the wrong number. They asked if I knew the person. I told them no and I just got this phone number yesterday. They apologized and said they would remove my number from there calling list. Sounds like a debt collector;[5]

- This number calls me at least 3 times a day every day and they never say anything;[6]

- This number keeps calling me at all hours and the times I've answered no one is there. It's borderline harassment;[7]

- Calls several times a day, when I answer they hang up. I called back and they tell me I owe money, I have no debt;[8] and

- Debt collector asking for someone with a name I didn't even recognize. Given I've had this phone number for at least 12 years, how the heck old is this debt?[9]

13. Defendant knows or should know that its autodialed calls are placed to non-consenting cellular telephone number subscribers. Indeed, Defendant has received numerous consumer complaints alerting it to this very fact. Ultimately, Defendant is responsible for verifying cellular telephone number ownership and obtaining consent before placing autodialed calls to cellular telephone subscribers.

14. Even with prior cellular subscriber consent, Defendant is liable under the

---

[5] *See* http://800notes.com/Phone.aspx/1-800-875-5143/5.

[6] *See id.*

[7] *See* http://800notes.com/Phone.aspx/1-800-875-5143/6.

[8] *See id.*

[9] *See id.*

TCPA for placing autodialed calls to cellular telephone numbers reassigned to new subscribers without the new subscriber's consent. *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 641 (7th Cir. 2012) (under the TCPA, "[c]onsent to call a given number must come from its current subscriber," not its prior subscriber); *Breslow v. Wells Fargo*, 755 F. 3d 1265, 1267 (11th Cir. 2014) (consent from "called party" means consent from the person subscribing to the called number at the time the call was made, not the former subscriber); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, ¶ 123, 18 FCC Rcd. 14014, 2003 WL 21517853 (July 3, 2003) ("we reject proposals to create a good faith exception for inadvertent autodialed or prerecorded calls to wireless numbers...")

15. Given the multitude of readily available commercially feasible resources to identify such consumers, Defendant had ready means to identify those consumers and to obtain their prior express consent before placing autodialed calls to their cellular telephones.

## FACTS SPECIFIC TO PLAINTIFF LANE

16. On or around December of 2016, Lane began receiving calls on her cellular telephone from telephone number 800-875-5143 (the "5143 Number").

17. When Lane would answer calls from the 5143 Number, the calls were immediately terminated without being able to speak to anyone. Such immediate termination is indicative of the use of an ATDS.

18. The 5143 Number called Lane repeatedly on her cellular telephone. Lane received autodialed calls on her cellular telephone from the 5143 Number at the following dates: 1.) December 30, 2016; 2.) January 3, 2017; 3.) January 5, 2017; 4.)

January 6, 2017; 5.) January 9, 2017; 6.) January 10, 2017; 7.) January 27, 2017; 8.) February 1, 2017; 9.) February 2, 2017; 10.) February 10, 2017; 11.) February 13, 2017; and 12.) February 20, 2017.

19. The 5143 Number belongs to ERC.[10]

20. At no time did Lane consent to the receipt of autodialed calls to her cellular telephone from ERC, let alone provide prior oral or written express consent to ERC for such calls to be placed.

21. Lane is not indebted to ERC or any company that has employed ERC.

22. By making unauthorized autodialed telephone calls as alleged herein, ERC caused Plaintif actual harm and cognizable legal injury. This includes the aggravation, annoyance, and nuisance and invasions of privacy that result from the receipt of such calls in addition to a loss of value realized for the monies Lane paid to her wireless service provider for the receipt of such calls. Furthermore, the calls interfered with Lane's use and enjoyment of her cellular telephone, including the related data, software, and hardware components. ERC also caused substantial injury to Lane's phone by causing wear and tear on her property, consuming battery life, and appropriating cellular data and minutes.

23. On behalf of the Class, Lane seeks an injunction requiring ERC to cease all unsolicited and unauthorized autodialed calling activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ALLEGATIONS

24. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure

---

[10] A recording identifies the company as ERC when calling the 5143 Number.

23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Class:

> **Autodialed No Consent Class:** All persons in the United States who: (1) from four years prior to the filing of the initial complaint in this action to the present; (2) Defendant (or a third person acting on behalf of Defendant) placed an autodialed call to; (3) the person's cellular telephone number; and (4) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiff.

25. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

26. On information and belief, there are hundreds, if not thousands, of members of the Class such that joinder of all members is impracticable.

27. There are several questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class members that may be answered in a single stroke include but are not limited to the following:

    a. whether Defendant's conduct constitutes a violation of the TCPA;

    b. whether Defendant utilized an automatic telephone dialing system to place

    autodialed calls to members of the Class;

  c. whether Defendant obtained prior express consent to contact any Class members; and

  d. whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

  28. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class, including the annoyance and aggravation associated with such autodialed calls as well as the loss of cellular plan minutes and temporary inability to enjoy and use their cellular telephones, as a result of the transmission of the autodialed calls alleged herein. Plaintiff and the other members of the Class have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct of placing autodialed calls. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendant's wrongful conduct. Plaintiff, like other members of the Class, received unsolicited autodialed calls from Defendant. Plaintiff is advancing the same claims and legal theory on behalf of himself and all absent members of the Class.

  29. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interest antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously

prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

30. The suit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted, and/or has refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief. Specifically, injunctive relief is necessary and appropriate to require Defendant to discontinue placing unsolicited and unauthorized autodialed calls to the public. Likewise, Defendant has acted and fails to act on grounds generally applicable to the Plaintiff and the other members of the Class in placing the autodialed calls at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

31. In addition, this suit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication. The claims asserted herein are applicable to all consumers throughout the United States who received an unsolicited and unauthorized autodialed call from Defendant. The injury suffered by each individual class member is relatively small in comparison to the burden and expense of individual prosecution of the complex

and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class could afford such litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

32. Adequate notice can be given to the members of the Class directly using information maintained in Defendant's records or through notice by publication.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodialed No Consent Class)**

33. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

34. Defendant made unsolicited and unauthorized autodialed calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class—without their prior express consent.

35. Further, Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*. Defendant utilized equipment that made the telephone calls to Plaintiff and other members of the Autodialed No Consent Class simultaneously and without human intervention. The telephone dialing equipment utilized by Defendant, also

known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's ATDS disseminated information *en masse* to Plaintiff and other members of the Autodialed No Consent Class.

36. By placing unsolicited and unauthorized autodialed calls to Plaintiff and the cellular telephones of members of the Autodialed No Consent Class without their prior express consent, and by utilizing an automatic telephone dialing system and/or utilizing a pre-recorded voice to make those calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

37. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

38. In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed No Consent Class.

**WHEREFORE,** Plaintiff Lorraine J. Lane, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff Lane as the representative of the Class, and appointing his counsel as Class Counsel;

B. An award of actual and statutory damages to be paid into a common fund for the benefit of the Class Members;

C. An order declaring that Defendant's actions, as set out above, violate the TCPA;

D.  A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

E.  An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

F.  An order requiring Defendant to identify any third-party involved in the autodialed calling as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

G.  An injunction requiring Defendant to cease all unsolicited autodialed calling activities, and otherwise protecting the interests of the Class;

H.  An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment;

I.  An injunction prohibiting Defendant from contracting with any third-party for marketing purposes until it establishes and implements policies and procedures for ensuring the third-party's compliance with the TCPA;

J.  An injunction prohibiting Defendant from conducting any future telemarketing activities until it has established an internal Do Not Call List as required by the TCPA;

K.  An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

L.  Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: December 29, 2017

Respectfully Submitted,

| HIRALDO P.A. | LAW OFFICES OF STEFAN COLEMAN P.A. |
|---|---|
| */s/ Manuel S. Hiraldo* <br> Manuel S. Hiraldo, Esq. <br> Florida Bar No. 030380 <br> 401 E. Las Olas Boulevard <br> Suite 1400 <br> Ft. Lauderdale, Florida 33301 <br> mhiraldo@hiraldolaw.com <br> Telephone: 954.400.4713 | */s/ Stefan Coleman* <br> Stefan Coleman, Esq. <br> Florida Bar No. 030188 <br> 201 S. Biscayne Blvd., 28th Floor <br> Miami, Florida 333131 <br> Telephone: (888) 333-9427 <br> Facsimile: (888) 498-8946 |
| *Counsel for Plaintiff and the Class* | *Counsel for Plaintiff and the Class* |