UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LORRAINE J. LANE, individually and on
behalf of all others similarly situated,

                                                                CASE NO: 3:18-cv-00001-TJC-JBT

                    Plaintiff,

v.

ENHANCED RECOVERY COMPANY
LLC, a Delaware limited liability company,

                    Defendant.

_____/

**STIPULATION FOR PROTECTIVE ORDER REGARDING PROTECTION OF
CONFIDENTIAL DOCUMENTS AND INFORMATION**

Plaintiff, Lorraine J. Lane ("Plaintiff") and Defendant, Enhanced Recovery Company,

LLC ("ERC") hereby stipulate, in accordance with the provisions of Fed.R.Civ.P. 26(c), as

follows, and jointly request the Court to enter an Order approving this stipulation by

separate motion (hereinafter referred to as the "Stipulation and Order"):

1.       Confidential information shall be designated by stamping "CONFIDENTIAL"

on the copies of the document produced. Stamping "CONFIDENTIAL" on the cover of

any multipage document shall designate all pages of the document as Confidential

Material, unless otherwise stated by the producing party, provided that the producing

party prepares and maintains of a log of the bates range where documents not individually

marked as "CONFIDENTIAL" are designated "CONFIDENTIAL," and produces the same

to the non-producing party with each production of bates-marked documents where a

multpage document is so designated. In the case of deposition testimony, a party may request at the time a question is asked, or at the end of the deposition, that any portion of the deposition transcript be designated confidential for a period of 30 days. A party may designate any portion of a deposition as "CONFIDENTIAL" after transcription of the deposition, provided that written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

2.      Information shall be designated "CONFIDENTIAL" only after counsel for the party making the designation has reviewed, or heard, the information and believes, in good faith, that the information is confidential or otherwise entitled to protection.

3.      The confidential information discussed in ¶1 above, and all tangible embodiments thereof, all copies thereof, the substance thereof, and all information contained therein (hereinafter collectively referred to as "Confidential Material"):

(a)      shall not be disclosed or distributed by counsel, or any other person receiving, viewing or hearing the Confidential Material ("Receiving Person") to any person other than to (1) counsel for either party as identified in ¶8 below, (2) insurance carriers for either party, (3) partners, employees and agents of counsel for either party, (4) any consulting or testifying experts hired by counsel for either party, who are assisting counsel in preparation of this action for trial (subject to ¶3(c) below), (5) the Court and its employees, and (6) Plaintiffs ("Plaintiffs") and Defendant (the "Defendant"), its officers, directors and employees;

(b)     shall be filed with the Court, should filing be desired or required, in accordance with the Court's local rules, specifically Local Rule 1.09, the party seeking protection of the documents having the burden to establish the right to maintain the files under seal;

(c)     shall not be disclosed to any consulting or testifying expert unless the party making the disclosure follows the provisions of ¶5 of this Stipulation and Order.

4.      By agreeing to the limited disclosure permitted under this Stipulation and Order, no party waives its claim that Confidential Material is confidential. All parties agree that a disclosure in accordance with this Stipulation and Order does not constitute a waiver of a party's claim or position that the information so disclosed is confidential. All parties agree that no party will contend that the failure to mark a particular document "CONFIDENTIAL" or to designate any portion or a deposition as "CONFIDENTIAL" constitutes a waiver of the other party's position, if any, that a document or a portion of a deposition contains Confidential Material, unless the party seeking to assert waiver first notifies the other party in writing of its intention to claim waiver and gives the other party three (3) business days within which to designate as confidential the document or portion or deposition transcript at issue.

5.      Before disclosing any Confidential Material to any consulting or testifying expert, counsel for the disclosing party or parties shall have the consulting or testifying expert read this Stipulation and Order and shall explain the contents of this Stipulation and Order to that person. The consulting or testifying expert shall agree to be bound to the terms of this Stipulation and Order and shall execute a declaration identical to Exhibit "1" attached

hereto.

6.       During any deposition or at any hearing, Confidential Material may be disclosed to any deponent or witness. Before that disclosure is made, the disclosing party shall advise the deponent or witness (as well as counsel, if any, representing the deponent or witness) that the information about to be disclosed is subject to this Stipulation and Order and that any further disclosure of the Confidential Material by the deponent or witness (or by his or her counsel) shall constitute a violation of the Stipulation and Order.

7.       Before trial, the parties will address the method for protecting the confidentiality of the Confidential Material during trial.

8.       In accordance with this Stipulation and Order, counsel for the parties are:

(a)  In the case of Plaintiffs:    Manuel S. Hiraldo, Esq.
                                   Stefan Coleman, Esq.
                                   Ignacio J. Hiraldo, Esq.

(b)  In the case of Defendant:   Scott S. Gallagher, Esq.
                                  Richard D. Rivera, Esq.

It is the responsibility of the attorneys whose signatures appear below to ensure that their partners, employees and agents who may have access to Confidential Information shall be apprised of, and adhere to, this Stipulation and Order.

9.       A party may object to the designation of particular Confidential Material by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, the party designating the information as CONFIDENTIAL shall have the obligation to file an appropriate motion requesting that the Court determine whether the disputed information

4

should be subject to the terms of this Stipulation and Order.

10.     To the extent that any motions, briefs, pleadings or other papers to be filed with the Court incorporate Confidential Information, the party filing such papers shall designate such materials or portions thereof as "CONFIDENTIAL", and shall seek leave of Court to file the same with the Clerk under seal, consistent with Local Rule 1.09 for the U.S. District Court for the Middle District of Florida.  A copy of such filing having confidential information deleted there from may be made part of the public record of this proceeding.  No document may be filed under seal absent an order by the Court granting leave, consistent with Local Rule 1.09. A party seeking to file any document under seal must show good cause and move the Court for an order sealing that document.  Any such motions shall include a brief description of each document that party seeks to file under seal and a showing of good cause for sealing the particular document(s) or portions of the document(s).  A motion for leave to file documents under seal must be filed contemporaneously with the particular filing and on or prior to the due date of the particular filing.  Any document which the Court orders shall be filed under seal and according to this Court's Local Rules and any related Order in this matter.

11.     The termination of proceedings in this action shall not relieve any person to whom Confidential Material was disclosed from the obligation of maintaining the confidentiality of such material in accordance with the provisions of this Stipulation and Order.

12.     Upon final termination of this action, including any appeal, each party shall assemble and shall destroy all items designated as Confidential Material by the other party in

accordance with the Rules of Professional Conduct.

13.     This Stipulation and Order shall be without prejudice to the right of the parties: a) to bring before the Court at any time the question of whether any particular document or information is Confidential Material or whether its use should be restricted; or, b) to present a motion to the Court under Fed.R.Civ.P. Rule 26(c) for a separate protective order as to any particular document or information, including restriction differing from those as specified herein.

14.     This Stipulation and Order shall not be deemed to prejudice the parties in any way from making future application to this Court for modification of this Stipulation and Order.

15.     This Stipulation and Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without unnecessarily involving the Court in the process. Nothing in this Stipulation and Order, nor the production of any information or document under the terms of this Stipulation and Order, nor any proceeding pursuant to this Stipulation and Order shall be deemed to be an admission or waiver by either party (except as set forth in ¶4), or to be an alteration of the confidentiality or non-confidentiality or the discoverability or non-discoverability or the admissibility or inadmissibility of any such document or information, or to be an alteration of any existing obligation of any party or the absence of any such obligation.

16.     The existence of this Stipulation and Order, including the fact that it was entered into by the parties shall not be admissible at trial of the present action, nor shall it be admissible in any other court, administrative agency or tribunal for any party, with the

exception of a proceeding to enforce or interpret the terms of this Stipulation and Order. The parties expressly stipulate that either party may seek enforcement of this Stipulation and Order by the Court in which the above-styled case is pending.

17.     To the extent that any discovery is taken from any person who is not a party to this action ("Third Party"), and in the event such Third Party contends the discovery sought involves Confidential Material, then such Third Party may agree to execute and be bound by this Stipulation and Order.

18.     The parties jointly agree to be bound by this protective order for any documents marked confidential and exchanged prior to any decision by the court on whether to enter the order.

Consent to:

Dated: June 13, 2018

**SMITH, GAMBRELL & RUSSELL, LLP**

By: */s/ Richard D. Rivera*                           By: */s/ Manuel S. Hiraldo*
Scott S. Gallagher                                         Manuel S. Hiraldo, Esq.
Florida Bar No. 0371970                          Hiraldo P.A.
Email: ssgallagher@sgrlaw.com         401 E. Las Olas Boulevard
Richard D. Rivera                                     Ft. Lauderdale, Florida 33301
Florida Bar No. 108251                          mhiraldo@hiraldolaw.com
Email: rrivera@sgrlaw.com
50 North Laura St, Suite 2600          and
Jacksonville, FL 32202
(904) 598-6111                                    Stefan Coleman, Esq.
(904) 598-6211 fax                              Law Offices of Stefan Coleman P.A.
                                                  201 S. Biscayne Blvd., 29th Floor
*Attorneys for Defendant*                     Miami, FL 33131
                                                  law@stefancoleman.com

and

Ignacio J. Hiraldo, Esq.
IJH Law
14 NE First Ave, 10th Floor
Miami, FL 33132
ijhiraldo@ijhlaw.com

*Attorneys for Plaintiff*

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LORRAINE J. LANE, individually and on
behalf of all others similarly situated,

                                          CASE NO: 3:18-cv-00001-TJC-JBT

        Plaintiff,

v.

ENHANCED RECOVERY COMPANY
LLC, a Delaware limited liability company,

        Defendant.
_____/

### DECLARATION RE: STIPULATION FOR PROTECTIVE ORDER WITH RESPECT TO CONFIDENTIAL INFORMATION AND DOCUMENTS

I, _____ declare that:

1.    My address is _____.

2.    I have read and know the contents of the Stipulation and Order dated _____.

3.    I am executing this Declaration and agreeing to be bound by its terms in order to satisfy the conditions provided in the Stipulation and Order prior to the disclosure to me of any Confidential Material under the Stipulation and Order.

4.    All documents and information which are described to me pursuant to the Stipulation and Order shall be maintained by me in strict confidence and I shall not disclose

or use the original or any copy of, or the subject of, such documents and/or information except in accordance with the aforesaid Stipulation and Order.

5.      I shall not use or refer to any of the aforesaid documents and/or information, or copies thereof, other than in connection with the above-entitled action and as provided in the Stipulation and Order.

6.      I shall, upon being notified of the termination of the above-entitled action, return all copies of such documents to counsel from whom I received such documents, and I shall destroy any notes and/or memoranda I have regarding the aforesaid documents and/or information.

7.      I do and shall subject myself to the continuing jurisdiction of the above-captioned Court over my person, wherever I shall be, for the enforcement of the aforesaid Stipulation and Order.

8.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


DATED:_____                    _____